### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **AMY PIRZADA** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:19-cv-00642** |
| **ORACLE AMERICA, INC.** | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

The plaintiff, Amy Pirzada ("Plaintiff" or "Pirzada") complaining of Oracle America, Inc. ("Oracle" or "Defendant"), shows as follows:

### JURISDICTION

1.      Pirzada is a citizen of the United States and a resident of Travis County, Texas.  Pirzada is a former employee of Defendant.

2.      Oracle America, Inc. is a Delaware corporation with offices located in Austin, Travis County, Texas.  Oracle America, Inc., may be served with process through their registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, TX 78701.

3.      All of the events giving rise to this claim occurred in whole or in part in the State of Texas, Western District.  Defendant has subjected Pirzada to unlawful employment practices in the State of Texas, Western District, during the period preceding and culminating in Pirzada's termination on July 09, 2018.

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 12117.

5.      This is a proceeding for a declaratory judgment, injunctive relief, compensatory and punitive damages, and other legal or equitable relief to secure the rights of Plaintiff under the Title VII and the Texas Labor Code for discrimination based on sex and retaliation.

6.      Defendant was the employer of Pirzada during the period that gave rise to Defendant's liability pursuant to the Title VII and the Texas Labor Code.

7.      The matter in controversy exceeds, exclusive of costs and interest, the minimum jurisdictional limits of this Court.

8.      At all times material to this action, Defendant, through its agents, employees, and/or managers knew or should have known of the below described conduct, including the conduct complained of herein.

9.      At all times material to this action Defendant's agents, employees and/or managers acted in the course or scope of their employment with the Defendant.

10.     At all times material to this action, Defendant, through its agents, employees, and/or managers, either committed the conduct, or authorized, encouraged, condoned and/or ratified the conduct complained of herein.

11.     At all times material to this action, Defendant employed at least twenty employees, employing in actuality over 500 employees, and is an employer within the meaning of the applicable federal and state statutes.

12.     All conditions precedent to the filing of this complaint have been met.  On or about October 04, 2018, Plaintiff timely filed her charge of discrimination, charge number 451-2018-03127, with the Equal Employment Opportunity Commission, and was issued a right to sue letter on May 15, 2019.

**FACTS**

13.     Oracle unlawfully discriminated against Ms. Pirzada and when Ms. Pirzada brought this discrimination to Oracle's attention, Oracle retaliated by firing her.

14.     In the summer of 2015, Ms. Pirzada was interviewed by Phil Fees, a Director at Oracle, who informed Ms. Pirzada that her experience with training would benefit Oracle.  In August 2015, Ms. Pirzada received an offer from Oracle and accepted. Ms. Pirzada held this position for almost three years without incident; was commended by her supervisor less than two months before her termination; and was terminated only after she filed a human resources complaint about the sexual discrimination in her group.

15.     Shortly after Ms. Pirzada joined Oracle, the regular humiliation and the environment of fear and intimidation against her began.  Ms. Pirzada repeatedly attempted to get direction from her manager in an attempt to improve the working relationship, but he only attempted to further humiliate her.  For years, Oracle failed to identify *any* persistent issues with Ms. Pirzada's performance, and when Ms. Pirzada would rectify any purported issues, the hostile environment remained.  Ms. Pirzada and the other female employee she worked with were treated in this manner; the males were encouraged and supported—the women demeaned and isolated.

16.     Oracle also systematically deprived Ms. Pirzada of the opportunity to develop successful connections and support successful sales representatives, which would have allowed her to increase her utilization and allow her opportunities for advancement. In contrast, male colleagues were staffed with more successful sales representatives and provided the opportunity to work with products and in lines that were actively being sold.

17.    There was no substantive feedback from anyone at Oracle about Ms. Pirzada's performance or how to "improve" because the only issue with Ms. Pirzada's performance was that she was a female—a female in a group with approximately 30 men and only 2 other women, and a group where, throughout Ms. Pirzada's tenure, not a single other female was hired.

18.    On March 9, 2018, after almost three years of working in the face of this discrimination, Ms. Pirzada finally mustered the courage to report the ongoing issues to human resources.  Four days later, on March 13, 2018, Ms. Pirzada's manager *for the first time* developed a list to "improve" her performance.

19.    In May 2018, Ms. Pirzada interviewed for another job within Oracle, and at one of her interviews she was informed that her current manager spoke very highly of her.

20.    On July 9, 2018, despite the positive recommendation from her manager less than two months earlier, Ms. Pirzada was terminated by her supervisor—pretextually based upon the improvement tasks that were first created four days after Ms. Pirzada first complained.

## CAUSES OF ACTION

### A.  Intentional Discrimination

21.    As set forth in the foregoing facts, Defendant violated Title VII of the Civil Rights Act and the Texas Labor Code by discriminating against Plaintiff because of her gender.  Plaintiff is a female, at all times relevant hereto, Plaintiff performed her job in a satisfactory manner, but was denied advancement, bonuses, and ultimately terminated because of her gender, while male counterparts were not terminated.

### B.  Retaliation

22.     As set forth in the foregoing facts, Defendant unlawfully retaliated against Plaintiff as a result of Plaintiff submitting a claim for sex discrimination to Defendant's human resources department, a protected activity.

### C.  Damages and Requests for Relief

23.     Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant and direct the following relief:

24.     Issue an order requiring Defendant to take steps to protect plaintiff and all other employees similarly situated from the type of conduct described above, and from all other forms of discrimination in the future.

25.     Plaintiff respectfully requests that the Court enter judgment in his favor and against the Defendant and direct the following relief:

a.      Reinstatement of Plaintiff to her previous position at Defendant;

b.      For a money judgment representing compensatory damages, including lost wages, front pay, and all other sums of money, including stock options, retirement benefits and other employment benefits, together with interest thereon;

c.      Compensatory damages, including damages for mental anguish, humiliation, loss of reputation and emotional distress

b.      For a money judgment representing punitive/liquidated damages for the Defendants' intentional and willful violations of Title VII, and any related statutes, regulations and rights;

c.      For a money judgment representing prejudgment interest;

d.      For costs of suit, including an award of reasonable attorneys' fees, costs,

expert fees and litigation expenses (42 U.S.C.A. § 2000e-5(k); 42 U.S.C. § 12205, FRCP

54, and Title VII); and

e.      For such other and further relief as may be just and proper.


## JURY DEMAND

26.     Plaintiff demands a jury on all of her claims, and specifically, the ultimate

issues of fact as to the merits of the dispute and damages, including back pay, front pay,

employee benefits, other employee compensation, compensatory, liquidated, and punitive

damages, but excepting any matters regarding attorney's fees.


Respectfully submitted,

 _/s/ Jacob Scheick_____
Jacob Scheick
State Bar No. 24060563
Almanza, Blackburn Dickie & Mitchell, LLP
2301 S. Capital of Texas Hwy., Bldg. H
Austin, Texas 78746
(512) 474-9486
(512) 478-7151 FAX
jscheick@abdmlaw.com

**ATTORNEYS FOR PLAINTIFF**

6